Per Curiam.
—This case presents narrow questions of statutory construction. The decision of The People, etc., v. Thompson (33 Hun, 661, and the MSS. opinion of Judge Haight*), should be followed as a precedent. Mr. Whitney, incorrectly, according to the case cited, directed what the plaintiff should do with the check, and the plaintiff acquiesced in the incorrect decision.
Motion by defendant for judgment granted with costs.

THE PEOPLE ex rel. ABRAM DOWDNEY, Resp’t, v. HUBERT O. THOMPSON, Commissioner of Public Works, App’lt.

(Supreme Court, General Term, First Department, Decided May 29, 1884.)

Appeal from an order directing that a peremptory writ of mandamus issue,
Morgan J. O’Brien, for resp’t; George P. Andrews, for app’lt.
Haight, J.—On the 7th day of June, 1881, the commissioner of public works of the city of New York, advertised for proposals for constructing certain sewers in that city. The proposals were inclosed in an envelope and deposited in an estimate-box kept in the commissioner’s office for that purpose. On the 20th day of June, 1881, the proposals so deposited in the estimate-box were opened and were as follows: William Everard, amount, $39,721; C. 0. Reed, amount, $35,370; J. E. Nierney, amount, $31,950.50; James Baird, amount, $26,614; John Slattery, amount, $28,500; Joshua D. Miner, amount, $27,107; Abram Dowdney, amount, $25,965.25; C. J. McKim, amount, $25,655.
Each of these proposals had inclosed with it and sealed in the envelope a certified check for $600, on a national bank iriitlie city of New York, payable to the order of the comptroller, except C. J. McKim’s. With his proposal was inclosed a certified check for $600 drawn upon a state bank instead of a national bank. The certified checks were not exhibited to or deposited with the commissioner of public works, or any officer of his department, prior to being •deposited in the estimate-box sealed as aforesaid. Aterwards, and on the 3d day of August, 1881, the commissioner rejected the proposals and returned them with the certified checks inclosed to the respective bidders, and readvertised the work., G. J. McKim was the lowest bidder, but his bid could not be accepted for the reason that the certified check inclosed was drawn upon a state bank instead of a national bank. The relator was the next lowest bidder and would be entitled to have the contract for the work awarded to him, provided, the proceedings were regular and in accordance with the provisions of the statute pertaining thereto. The question presented is whether or not it was the duty of the bidders to exhibit to and deposit with the commissioner, or some officer of his department, a certified check, or in lieu thereof the money, .at the time of depositing the proposals in the estimate-box. Upon this question we have examined with care the opinion of William O. Whitney, Esq., counsel to the corporation, dated August 3, 1881, and we are of the opinion that we should concur in the views therein expressed.
It is contended on the part of the respondent that the learned corporation counsel, in his opinion, overlooked the provisions of the statute providing that such checks or money accompany the proposal. This provision must be considered and construed in connection with the other provisions of the section. Those provisions provide that such department or officer is authorized and directed to require as a condition precedent to the reception or consideration of any proposal, the deposit with such department or officer of a certified check upon one of the national banks of the said city of New York, drawn to the order of the comptroller, or of money, etc.
It will be observed that the deposit is to be made with such department or officer, and that the deposit is a condition precedent to the reception or consideration of the proposal. What is meant by the term department or officer? We can hardly believe that by the term' department or officer it was the intenten tian to permit a deposit to be made in a desk drawer or box in the office Such *731 interpretation "would endanger the rights of the depositors, as well as those of the city. It appears to us that the true meaning intended is that the deposit is to be made with the commissioner or otiier officer of the department. _ Under this interpretation the various provisions of the section are consistent with each other The check or money must accompany the proposal. As a condition precedent to the reception of the proposal, the check or money must be deposited with the commissioner or an officer of his department, and on such •deposit being made the proposal may be received and deposited in the estimate box.
The ordinance of the city directing that an estimate box be kept by the commissioner of public works, and that the proposals be sealed and deposited in t:iaf box, does not provide that the deposits of certified checks or money should •be made in the box. It would hardly be considered a safe place for the keeping of such deposits.
Order reversed and order for a peremptory writ of mandamus denied with fifty dollars costs and disbursements.
Daniels and Davis, JJ., concur.